UNITED STATES  DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | No. C 11-03697 LB |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| v. | **[ECF Nos. 3, 10, & 12]** |
| HUGH E. LOFTON, | |
| Defendant. | |
| _____/ | |

## I.  INTRODUCTION

Plaintiff Federal National Mortgage Association (FNMA) brings this motion to remand its unlawful detainer action against *pro se* Defendant Hugh Lofton.  Motion, ECF No. 12; Complaint, ECF No. 1 at 5-7.[1]  Mr. Lofton removed the case from state court, alleging that the court had federal-question jurisdiction.  Notice of Removal, ECF No. 1 at 1-2.  All parties consented to this court's jurisdiction.  *See* ECF Nos. 7 & 16.  Pursuant to Civil Local Rule 7–1(b), the court finds this matter suitable for decision without oral argument.  Because the unlawful detainer complaint presents only state claims on its face, the court grants FNMA's motion and remands the case to Alameda County Superior Court.

_____

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

## II. FACTS

On March 30, 2011, FNMA bought the property at 1709 87th Avenue, Oakland, California, where Mr. Lofton lives. Complaint, ECF No. 1 at 5-6, ¶¶ 1, 4. FNMA claims that its title has been perfected and that a Trustee's Deed conveying title to it has been recorded in Alameda County. *Id.,* ¶ 5. FNMA alleges that it is the owner of the property and is entitled to its immediate possession. *Id.* at 5, ¶ 1. On April 15, 2011, FNMA served Mr. Lofton with a written "Three Day Notice to Quit." *Id.,* ¶ 6. Mr. Lofton continues to occupy the property. *Id.,* ¶¶ 7-8. FNMA filed an unlawful detainer action in Alameda County Superior Court on May 6, 2011. Complaint, ECF No. 1 at 5. The caption states, "AMOUNT DEMANDED DOES NOT EXCEED $10,000; LIMITED CIVIL CASE." *Id.* The complaint seeks damages of the reasonable rental value of the property ($43.17 per day). *Id.,* ¶ 9. FNMA also asks for restitution of the property and costs. *Id.* at 7, ¶ 1. On July 27, 2011, one day before the case was set for trial in state court, Mr. Lofton removed the case to federal court. Notice of Removal, ECF No. 1; Renee Belcastro Declaration, ECF No. 12-1 at 2, ¶ 9.

## III. LEGAL STANDARD

A defendant in a state court may remove an action to federal court so long as the action could have originally asserted federal-question jurisdiction.[2] 28 U.S.C. 1441(b). The defendant has the burden of proving the basis for the federal court's jurisdiction. *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). Removal jurisdiction statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). A plaintiff may "by eschewing claims based on federal law, choose to have the cause be heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987). And an actual or

---

[2] District courts have original jurisdiction over cases that arise under the laws of the United States. U.S. Const. art. III, § 2, cl.1.

anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009). But a plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint. *Id.* at 22.

A federal court may exercise removal under the "artful pleading" doctrine even if a federal question does not appear on the face of the complaint. *ARCO Environmental Remediation, L.L.C. v. Dep't of Health and Environmental Quality of the State of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000). The artful pleading doctrine applies when: (1) federal law completely preempts state law; (2) the claim is necessarily federal in character; or (3) the right to relief depends on the resolution of a substantial, disputed federal question. *Id.* Courts should "invoke the [artful pleading] doctrine only in limited circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." *Lippitt v. Raymond James Financial Services*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

## IV.  ANALYSIS

### A.  The Court Lacks Federal-Question Jurisdiction

Here, FNMA alleges a single claim against Mr. Lofton for unlawful detainer. Complaint, ECF No. 1 at 5-7. Unlawful detainer claims do not arise under federal law, and therefore, the court lacks federal-question jurisdiction. *See, e.g., Aurora Loan Services v. Yates*, No. C 11–00967 LB, 2011 WL 2550829, at *2 (N.D. Cal. Jun. 27, 2011); *Fed. Nat'l Mortg. Assoc. v. Lopez*, No. C 11-00451 WHA, 2011 WL 1465678 at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. C 11-1894 PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) .

Mr. Lofton nonetheless asserts that the court has federal-question jurisdiction because "this civil action arises under the laws of the United States." Notice of Removal, ECF No. 1 at 2. Mr Lofton also argues in his notice of removal that FNMA violated "Title VII of the Emergency Economic Stabilization Protecting Tenants at Foreclosure Act of 2009" by failing to provide him with a ninety-

UNITED STATES DISTRICT COURT
For the Northern District of California

day notice of eviction. *Id.* Even if this is a defense that arises under federal law, it does not appear

on the face of FNMA's complaint or otherwise confer federal jurisdiction. *See Taylor*, 481 U.S. at

63 (jurisdiction must appear on the face of a well-pleaded complaint); *Hunter*, 582 F.3d at 1042-43

(jurisdiction cannot be predicated on actual or anticipated defenses); *supra* (discussing artful

pleading doctrine).

**B.  The Court Lacks Diversity Jurisdiction**

The court lacks diversity jurisdiction for two reasons: the amount in controversy does not exceed

$75,000, and the removing defendant is a citizen of the state where the underlying action was filed.

Federal courts have original jurisdiction where the opposing parties are citizens of different

states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  In removal cases

where the purported basis of jurisdiction is diversity jurisdiction, removal is not permitted where a

defendant in the case is a citizen of the state in which the plaintiff originally brought the action (even

if the opposing parties are citizens of different states).  *See* 28 U.S.C. § 1441(b).

First, the amount in controversy does not exceed $75,000.  FNMA seeks damages limited to

$10,000.  Complaint, ECF No. 1 at 7, ¶ 2.  Also, even if damages were not limited to $10,000, the

rent due as of August 24 is only $6,345.99.  In unlawful detainer actions, the right to possession of

the property is contested, not title to the property.  *See Litton Loan Servicing, L.P. v. Villegas*, No. C

10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (quoting *Evans v. Superior Ct.*, 67

Cal. App. 3d 162, 170 (1977)).  Plaintiffs may collect only damages that are incident to that

unlawful possession.  *Id.* at *2.  And, as discussed above, the damages are far less than $75,000.

Second, even assuming the threshold amount for diversity jurisdiction were satisfied, removal

was not proper because FNMA filed suit in California, and Mr. Lofton is a citizen of California.

Even assuming that the parties are diverse, 28 U.S.C. § 1441(b) prohibits removal where a defendant

in the case is a citizen of the state in which the plaintiff originally brought the action.

**C.  Attorney's Fees Award**

FNMA argues that it is entitled to an award of its costs and attorney's fees in the amount of $675

for the motion to remand because Mr. Lofton did not have objectively reasonable grounds for

removing the case to federal court.  Motion, ECF No. 12-2 at 3-4.  It claims that "the instant case is

C 11-03697 LB
ORDER REMANDING CASE

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1    so patently without merit that the inescapable conclusion is that it was filed in bad faith." *Id.* at 4.

2        Under 28 U.S.C. 1447(c), courts may require a defendant to pay the "just costs and any actual

3    expenses, including attorney fees, incurred as a result of the removal." "Absent unusual

4    circumstances, courts may award attorney's fees under § 1447(c) only where the removing party

5    lacked an objectively reasonable basis for seeking removal." *See Martin v. Franklin Capital Corp.*,

6    546 U.S. 132, 136 (2005).

7        Here, Mr. Lofton lacked objectively reasonable grounds for removing this case to federal court

8    because the law is clear that federal courts lack subject-matter jurisdiction over unlawful detainer

9    actions.  The court does not agree with FNMA that this renders "inescapable" the conclusion that

10   Mr. Lofton, who is proceeding *pro se*, removed this suit in bad fath.  Motion, ECF No. 12-2 at 4.

11   Moreover, Mr. Lofton is losing his house and has filed an application seeking leave to proceed *in*

12   *forma pauperis*.  IFP, ECF No. 3.  Under these circumstances, awarding FNMA $675 in attorney's

13   fees would not serve the interests of justice.  *Deutsche Bank Nat. Trust Co. v. Llopis*, No. C

14   11–03037 WHA, 2011 WL 3502486, *2 (N.D. Cal. Aug. 10, 2011) (denying a $675 request for

15   attorney's fees in an improperly removed unlawful detainer case).  Accordingly, the court denies

16   FNMA's request for costs and attorney's fees.

17                                    **V.  CONCLUSION**

18        The court **GRANTS** FNMA's motion to remand and **REMANDS** the case to Alameda County

19   Superior Court.  The court **DENIES** FNMA's request for costs and attorney's fees.  FNMA's

20   motion to shorten time is **DENIED AS MOOT**.  Mr. Lofton's motion to proceed *in forma pauperis*

21   is also **DENIED AS MOOT**.

22        This disposes of ECF Nos. 3, 10, and 12.

23        **IT IS SO ORDERED.**

24   Dated: August 24, 2011

25                                    _____
                                     LAUREL BEELER
26                                   United States Magistrate Judge

27

28

UNITED STATES DISTRICT COURT
For the Northern District of California